UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

SHELLEY BASTIAN
5111 Ballpark Road
Little Suamico, Wisconsin 54141

    Plaintiff,

  v.

ABRAMS GAS INC.
2531 East Frontgate Road
Abrams, Wisconsin 54101

    and

VELP GAS INC.
1618 Velp Avenue
Green Bay, Wisconsin 54303

    and

SARBJIT SINGH
4052 Cattail Court
Appleton, Wisconsin 54913

    Defendants

Case No.: 22-cv-886

**JURY TRIAL DEMANDED**

---

**COMPLAINT**

---

COMES NOW Plaintiff, Shelley Bastian, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendants, alleges and shows to the Court as follows:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and Wisconsin common law, and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants operated their business in the Eastern District of Wisconsin, Plaintiff resides in the Eastern District of Wisconsin, and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Shelley Bastian, is an adult female resident of the State of Wisconsin with a post office address of 5111 Ballpark Road, Little Suamico, Wisconsin 54141.

5. Defendant, Abrams Gas Inc. (hereinafter simply, "Abrams Gas"), was, at all material times herein, a commercial entity with a principal address of 2531 East Frontgate Road, Abrams, Wisconsin 54101.

6. Defendant, Velp Gas Inc. (hereinafter simply, "Velp Gas"), was, at all material times herein, a commercial entity with a principal address of 1618 Velp Avenue, Green Bay, Wisconsin 54303.

7. Defendants Abrams Gas and Velp Gas are gas stations and convenience stores.

8. Defendant, Sarbjit Singh, was, at all material times herein, an individual resident of the State of Wisconsin with a principal address of 4052 Cattail Court, Appleton, Wisconsin 54913.

9. During the relevant time periods as stated herein, Defendant Singh owned, operated, and managed Defendants Abrams Gas and Velp Gas.

10. During the relevant time periods as stated herein, Defendant Abrams Gas was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

11. During the relevant time periods as stated herein, Defendant Velp Gas was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

12. During the relevant time periods as stated herein, Defendant Abrams Gas and Defendant Velp Gas were collectively engaged in "commerce" and/or their employees were engaged in "commerce," as that term is defined under the FLSA.

13. During the relevant time periods as stated herein, Defendant Abrams Gas employed more than two (2) employees.

14. During the relevant time periods as stated herein, Defendant Velp Gas employed more than two (2) employees.

15. During the relevant time periods as stated herein, Defendant Abrams Gas and Defendant Velp Gas employed, collectively, more than two (2) employees.

16. During the relevant time periods as stated herein, Defendant Abrams Gas' annual dollar volume of sales or business exceeded $500,000.

17. During the relevant time periods as stated herein, Defendant Velp Gas' annual dollar volume of sales or business exceeded $500,000.

18. During the relevant time periods as stated herein, Defendant Abrams Gas' and Defendant Velp Gas' annual dollar volume of sales or business, collectively, exceeded $500,000.

19. During the relevant time periods as stated herein, Defendants were an "employer" as that term is defined under the FLSA and the WWPCL.

20. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendants, as these terms are defined under the FLSA and the WWPCL.

21. During the relevant time periods as stated herein, Defendant Singh was an "employer" as that term is defined under the FLSA and/or the WWPCL.

22. During Plaintiff's employment with Defendants, Defendant Singh supervised and directed Plaintiff's day-to-day activities.

23. During Plaintiff's employment with Defendants, Defendant Singh had the ability and authority to (and actually did), hire, terminate, promote, demote, and/or suspend Plaintiff.

24. During Plaintiff's employment with Defendants, Defendant Singh reviewed Plaintiff's work performance.

25. During Plaintiff's employment with Defendants, Defendant Singh established the work rules, policies, and procedures by which Plaintiff abided while performing compensable work with Defendants' knowledge, for Defendants' benefit, on behalf of Defendants, and/or at Defendants' direction.

26. During Plaintiff's employment with Defendants, Defendant Singh controlled the terms and conditions of Plaintiff's employment.

27. During Plaintiff's employment with Defendants, Defendant Singh established Plaintiff's work schedule and provided Plaintiff with work assignments, tasks, and projects.

28. During Plaintiff's employment with Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce.

## GENERAL ALLEGATIONS

29. In approximately the year 2002, Plaintiff commenced employment with Defendants in the position of Store Manager.

30. During Plaintiff's employment with Defendants, Plaintiff reported directly to Defendant Singh, owner, operator, and manager of Defendants Abrams Gas and Velp Gas.

31. In approximately January 2021, Defendant Singh promoted Plaintiff to the position of District Manager.

32. During Plaintiff's employment with Defendants and during the years 2019, 2020, and 2021, Plaintiff primarily performed compensable work on Defendants' behalf, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge at Defendants' Abrams, Wisconsin location.

33. During Plaintiff's employment with Defendants and during the year 2022, Plaintiff primarily performed compensable work on Defendants' behalf, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge at Defendants' Velp, Wisconsin location.

34. During the entirety of Plaintiff's employment with Defendants, Defendants compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

35. During the entirety of Plaintiff's employment with Defendants, Defendants did not compensate Plaintiff on a salaried basis each workweek.

36. During the entirety of Plaintiff's employment with Defendants, Plaintiff was a non-exempt employee for FLSA and WWPCL purposes.

37. In approximately May 2022, Plaintiff's employment with Defendants ended.

38. During Plaintiff's employment with Defendants, Plaintiff often worked in excess of forty (40) hours per workweek.

39. During Plaintiff's employment with Defendants, Defendants knew or had knowledge that Plaintiff worked in excess of forty (40) hours per workweek.

40. During Plaintiff's employment with Defendants, Defendants compensated Plaintiff on a bi-weekly basis via check.

41. During Plaintiff's employment with Defendants, Defendants workweek for FLSA and WWPCL purposes was Sunday through Saturday.

42. During Plaintiff's employment with Defendants, Defendants maintained employment records and other documentation regarding Plaintiff.

43. During Plaintiff's employment with Defendants, Defendants maintained a centralized electronic system for tracking and/or recording hours worked by Plaintiff each workday and each workweek (hereinafter simply, "Defendants' electronic timekeeping system").

44. During Plaintiff's employment with Defendants and during the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff recorded actual hours worked each workday and each workweek via Defendants' electronic timekeeping system. However, during Plaintiff's employment with Defendants and during the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), not *all* of Plaintiff's actual hours worked each workday and each workweek via Defendants' electronic timekeeping system.

45. During Plaintiff's employment with Defendants and during the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff performed approximately fifteen (15) to thirty (30) minutes of "pre-shift" work each workday on Defendants' behalf, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge at

Defendants' Abrams, Wisconsin location that was not recorded via Defendants' electronic timekeeping system, including but not limited to: opening the safe; counting money; tallying receipts; starting orders; performing inventory; and communicating with co-workers regarding tasks and work-related issues for the day (i.e., issues and tasks related to Defendants' credit card machine, gas pumps, etc.)

46. During Plaintiff's employment with Defendants and during the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Defendants did not compensate Plaintiff for any "pre-shift" work performed on Defendants' behalf, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge at Defendants' Abrams, Wisconsin location that was not recorded via Defendants' electronic timekeeping system, including at an overtime rate of pay for hours worked in excess of forty (40) in a workweek and/or at a regular rate of pay when hours worked did not exceed forty (40) in a workweek.

47. During Plaintiff's employment with Defendants and during the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff performed approximately fifteen (15) to forty-five (45) minutes of "post-shift" work each workday on Defendants' behalf, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge at Defendants' Abrams, Wisconsin location that was not recorded via Defendants' electronic timekeeping system, including but not limited to: cleaning the store; re-stocking shelves; re-filling inventory; and taking our or emptying the garbage.

48. During Plaintiff's employment with Defendants and during the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Defendants did not compensate Plaintiff for any "post-shift" work performed on Defendants' behalf, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge at Defendants' Abrams, Wisconsin

location that was not recorded via Defendants' electronic timekeeping system, including at an overtime rate of pay for hours worked in excess of forty (40) in a workweek and/or at a regular rate of pay when hours worked did not exceed forty (40) in a workweek.

49. During Plaintiff's employment with Defendants and during the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Defendants did not compensate Plaintiff for approximately three (3) to five (5) hours of additional, "off-the-clock" work each workweek on Defendants' behalf, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge that was not recorded via Defendants' electronic timekeeping system, including but not limited to: performing scheduling duties; completing gas books; communicating with Defendants' vendors; communicating with Defendant Sarbjit regarding work-related tasks, assignments, and issues.

50. Further, during Plaintiff's employment with Defendants and during the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), and at times when Plaintiff's actual hours worked each workweek as recorded via Defendants' electronic timekeeping system exceeded forty (40) in a workweek, Defendants did not compensate Plaintiff with overtime pay at the rate of time-and-one-half her regular rate(s) of pay for all hours worked in excess of forty (40) in a workweek; rather, Defendants compensated Plaintiff with some (or all) of her overtime hours worked in a workweek as straight time pay (or, at her regular hourly rate of pay) via "Dousman Fuel Inc.," an entity related to Defendants that was also owned, operated, and managed by Defendant Singh. For example, during the workweeks that comprised the months of February 2021 and March 2021 and despite Plaintiff frequently working in excess of forty (40) hours each workweek at Defendant's Abrams, Wisconsin location (i.e., Defendant Abrams Gas) during this time period, Defendants routinely compensated Plaintiff with some (or all) of her

overtime hours worked in a workweek at Defendant's Abrams, Wisconsin location (i.e., Defendant Abrams Gas) as straight time pay (or, at her regular hourly rate of pay) via paycheck from "Dousman Fuel Inc." in order to avoid overtime obligations to Plaintiff under the FLSA and WWPCL.

51. During Plaintiff's employment with Defendants, Defendants suffered or permitted Plaintiff to work without appropriately and lawfully compensating her for all hours worked each workweek, including but not limited to at an overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

52. Defendants knew or should have known that Plaintiff must be compensated for any and all hours worked (and for all hours Defendant suffered or permitted her to work) each workweek, including but not limited to at an overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek, in accordance with the FLSA and WWPCL.

53. Defendants had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which they were aware and/or of which they should have been aware.

54. Defendants owe Plaintiff unpaid regular wages and overtime wages for work performed during her employment with Defendants and for which she was not properly and lawfully compensated in an amount that remains to be determined, plus liquidated damages and reimbursement for attorneys' fees and costs.

**FIRST CAUSE OF ACTION – FLSA VIOLATIONS (OVERTIME PAY)**

55. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

56. 29 U.S.C. § 207(a)(1) regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

57. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

58. Defendants intentionally violated the FLSA by failing to compensate Plaintiff with overtime pay for each hour she worked in excess of forty (40) hours each workweek.

59. Defendants' failure to properly and legally compensate Plaintiff for all compensable work performed at an overtime rate of pay was willfully perpetrated. Defendants have not acted in good faith and with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendants acted reasonably and with good faith in failing to pay minimum wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

60. As a result of the aforesaid willful violations of the FLSA's provisions, overtime wages have been unlawfully withheld from Plaintiff by Defendants.

61. Plaintiff is entitled to damages equal to the overtime wages due and owing to her within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods

of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendants.

62. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

**SECOND CAUSE OF ACTION – WWPCL VIOLATIONS (OVERTIME PAY)**

63. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

64. At all times material herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

65. At all times material herein, Defendants were employers of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

66. At all times material herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

67. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities each workday and each workweek without receiving compensation for these activities at the rate of time-and-one-half her regular rate(s) of pay for all hours worked in excess of forty (40) each workweek.

68. Defendants willfully and intentionally violated the WWPCL by failing to compensate Plaintiff with overtime pay for all hours worked in excess of forty (40) hours a

workweek during her employment with Defendants, in violation of Wisconsin Wage Payment and Collection Laws.

69. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid overtime wages, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

70. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

### THIRD CAUSE OF ACTION – WWPCL VIOLATIONS
### (REGULAR WAGES/FAILURE TO PAY AN AGREED-UPON WAGE)

71. Plaintiff reasserts and incorporates all previous paragraphs as if they were set forth herein.

72. At all relevant times, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

73. At all relevant times, Defendants were employers of Plaintiff within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

74. At all relevant times, Defendants employed Plaintiff within the meaning of Wis. Stat. §§ 109.01 et seq., 103.01 et seq., 104.01 et seq., and Wis. Admin. Code § DWD 272.01.

75. During Plaintiff's employment with Defendants, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities.

76. During Plaintiff's employment with Defendants, Plaintiff was entitled to payments from Defendants at her agreed-upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked, pursuant to Wis. Stat. § 109.03.

77. During Plaintiff's employment with Defendants, Defendants did not compensate Plaintiff for each and every hour worked on their behalf, with their knowledge, for their benefit, and/or at their direction at her regular hourly rate of pay and/or with agreed-upon wages, in accordance with Wis. Admin. Code § DWD 272, for hours worked each workweek that did not exceed forty (40) in a workweek, in violation of Wisconsin Wage Payment and Collection Laws.

78. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid overtime wages, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

79. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendants to make Plaintiff whole by providing reimbursement for unpaid regular (agreed-upon) wages and overtime wages, for pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid by Defendants under the FLSA and WWPCL;

2. Grant to Plaintiff liquidated damages against Defendants;

3. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 4th day of August, 2022

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ *Scott S. Luzi*

James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail sluzi@walcheskeluzi.com
E-Mail dpotteiger@walcheskeluzi.com