UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

SHELLEY BASTIAN

    Plaintiff,

v.                                          Case No. 22-cv-886

ABRAMS GAS, INC., *et. al.*

    Defendants

**MEMORANDUM IN SUPPORT OF MOTIONS FOR
DEFAULT JUDGMENT AND ATTORNEYS' FEES AND COSTS**

NOW COMES Plaintiff, Shelley Bastian, by and through her attorneys, Walcheske & Luzi, LLC, and as and for her *Memorandum in Support of Motions for Default Judgment and Attorneys' Fees and Costs,* Plaintiff presents the following for this Court's consideration.

## INTRODUCTION

Plaintiff, Shelley Bastian, a former employee of Defendants, Abrams Gas, Inc., Velp Gas, Inc., and Sarbjit Singh, alleges that Defendants violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA") and Wisconsin's Wage Payment and Collection Laws ("WWPCL") by failing to compensate Plaintiff for pre- and post-shift hours work performed on Defendants' behalf, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge including at an overtime rate of pay for hours worked in excess of forty (40) in a workweek and/or at a regular rate of pay when hours worked did not exceed forty (40) in a workweek. (*See* ECF No. 1.)

## PROCEDURAL HISTORY

On August 4, 2022, Plaintiff filed her *Complaint* with this Court. (ECF No. 1.) On September 21, 2022, Defendants were served. (ECF Nos. 5-7.) Defendants have failed, refused, or otherwise neglected to join issue, and on October 17, 2022, Plaintiff filed *Plaintiff's Motion for Entry of Default*. (ECF Nos. 8.)

On October 17, 2022, this Court entered default against Defendants. Plaintiff's *Motion for Default Judgment* is filed concurrently herewith. (ECF No. 11.)

## FACTUAL BACKGROUND

In approximately the year 2002, Defendants hired Plaintiff into the full-time position of Store Manager. (ECF No. 1, ¶ 29.) During her employment, Plaintiff reported directly to Defendant Singh, owner, operator, and manager of Defendants Abrams Gas and Velp Gas. (*Id.* at ¶ 30.) Throughout her employment at Defendants, Defendants compensated Plaintiff at an hourly rate of pay. (Declaration of Shelley Bastian ("Bastian Decl."), ¶ 5.) Plaintiff's average rate of pay in the three (3) years immediately preceding the complaint was $16.00 per hour. (*Id.*) During Plaintiff's employment with Defendants, Plaintiff routinely worked in excess of forty (40) hours per workweek. (Bastian Decl., ¶ 6.)

During Plaintiff's employment with Defendants and during the three (3) year statutory period (*i.e.* August 4, 2019 and ending on August 4, 2022), Plaintiff performed approximately thirty (30) minutes of "pre-shift" work each workday on Defendants' behalf, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge at Defendants' Abrams, Wisconsin location that was not recorded via Defendants' electronic timekeeping system, including but not limited to: opening the safe; counting money; tallying receipts; starting orders; performing inventory; and communicating with co-workers regarding tasks and work-related

issues for the day (i.e., issues and tasks related to Defendants' credit card machine, gas pumps, etc.). (*Id.* at ¶ 45.)

During Plaintiff's employment with Defendants and during the three (3) year statutory period, Plaintiff performed approximately forty-five (45) minutes of "post-shift" work each workday on Defendants' behalf, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge at Defendants' Abrams, Wisconsin location that was not recorded via Defendants' electronic timekeeping system, including but not limited to: cleaning the store; re-stocking shelves; re-filling inventory; and taking our or emptying the garbage. (*Id.* at ¶ 47.)

Defendants failed to compensate Plaintiff for her pre-shift activities. (*Id.* at ¶ 46.) Defendants failed to compensate Plaintiff for her post-shift activities. (*Id.* at ¶ 48.) Defendant's failure to compensate Plaintiff for her pre- and post-shift activities, including at an overtime premium rate of pay was willfully perpetrated. (*Id.* at ¶ 59.) Defendants have not acted in good faith or with reasonable grounds to believe that their failure to compensate Plaintiff was not a violation of the FLSA. (*Id.*) Plaintiff's employment with Defendants in approximately May 2022. (*Id.* at ¶ 37.)

## **ARGUMENT**

A default judgment under FED. R. CIV. P. 55 is a two-step process. The clerk must first enter the party's default if they have failed to plead or otherwise defend a lawsuit. FED. R. CIV. P. 55(a). Once a default is entered, a party may move for default judgment pursuant to either FED. R. CIV. P. 55(b)(1) or (2). If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against the defendant who has been defaulted. FED.

R. Civ. P. 55(b)(1). Alternatively, a default judgment may be entered by the court in all other cases. Fed. R. Civ. P. 55(b)(2).

In the context of a default judgment, the district court is obliged to accept as true all facts alleged by the plaintiff and all reasonable inferences contained therein. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994). As a general rule, a default judgment establishes, as a matter of law, that defendant is liable to plaintiff as to each cause of action alleged in the complaint. *Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983). "[T]he well-pleaded allegations of the complaint relating to liability are taken as true." *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir.1990). At the default judgment stage, only those facts relating to the amount of damages suffered must be proved. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1988).

I. **PLAINTIFF HAS ESTABLISHED DEFENDANT'S LIABILITY**

The FLSA requires that employers compensate employees with compensation "at a rate not less than one and one-half times the regular rate at which he is employed" for all hours worked each "workweek longer than forty hours." 29 U.S.C. § 207(a)(1).

Pursuant to 29 U.S.C. § 216(b), an employer is liable for a violation of 29 U.S.C. § 207 and shall be liable for the employee's unpaid overtime premium wages. Section 216(b) further provides that an employer who violates the provisions of the FLSA "shall be liable" for liquidated damages of an amount equal to unpaid minimum wages. *Id*. Liquidated damages represent compensation to the employees and are not designed as a penalty to the employer. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945). A defendant can avoid some or all of a liquidated damages award only if they can establish that they had both a good faith and reasonable basis for believing that their pay practices were in compliance with the law. 29 U.S.C. § 260. Double damages,

however, are the norm, and single damages are the exception in FLSA cases. *Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d. 1219, 1223 (7th Cir. 1995).

Plaintiff has established that Defendants failed to compensate her for all pre- and post-shift hours worked at the lawful overtime premium rate of pay for all hours worked in excess of forty (40) in a workweek. (ECF No. 1, ¶¶ 45-48.)

Having established liability for violations of the FLSA, Plaintiff is entitled to statutory liquidated damages and her costs and reasonable attorneys' fees because Defendants have not proven that they have a good faith and reasonable basis for believing that their compensation practices related to Plaintiff were in compliance with the FLSA. (*Id.* at ¶ 59.) Likewise, Defendant's conduct was willful and intentional and warrants statutory liquidated damages under the WWPCL. (*Id.*)

Plaintiff's well-pleaded allegations – *deemed admitted by Defendants* - are sufficient to establish Defendants' liability in the present case. Accordingly, the Court should enter judgment in Plaintiff's favor and against Defendant.

## II.     PLAINTIFF HAS ESTABLISHED DAMAGES IN THE AMOUNT OF $43,500.00

Where, like here, an employer failed to maintain accurate records as to whether certain activities or non-activities constitute work, a plaintiff need only establish a "reasonable inference" as to the extent of the damages. *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946).

The FLSA requires that employers compensate employees with compensation "at a rate not less than one and one-half times the regular rate at which he is employed" for all hours worked each "workweek longer than forty hours." 29 U.S.C. § 207(a)(1). During her employment, Plaintiff routinely worked in excess of forty (40) hours per workweek. (ECF No. 1, ¶ 38.) Accordingly, there is a reasonable inference that Plaintiff's unpaid wages should be calculated at an overtime

premium rate of pay. Plaintiff's average regular rate of pay during the statutory period was $16.00 per hour. (Bastian Decl., ¶ 5.) Therefore, Plaintiff's overtime premium rate of pay was $24.00 per hour.

Plaintiff performed approximately thirty (30) minutes of compensable work each workday prior to her scheduled shift start time, (*Id.* at ¶ 45), and approximately forty-five (45) minutes of compensable work each workday prior to her scheduled shift end time, (*Id.* at ¶ 47), for a total of one hour and fifteen minutes (1:15) of uncompensated work each workday and six hours and fifteen minutes (6:15) each workweek. It can be reasonably inferred from these uncontested facts that Plaintiff's damages each workweek are $150.00 ($24.00/hr x 6.25 hrs).

Plaintiff worked at Defendants approximately one hundred and forty-five (145) workweeks during the statutory period prior to her separation of employment. (*Id.* at ¶ 29 and 37.) It can be reasonably inferred from these uncontested facts that Plaintiff's damages throughout the statutory period is $21,750.00 ($150/wk x 145 wks).

Moreover, pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to statutory liquidated damages in an amount equal to her unpaid wages, *i.e.* $21,750.00, because Defendants have not acted in good faith with respect to its actions aforesaid. (ECF No. 1, ¶ 59.) Thus, Plaintiff is entitled to the total amount of $43,500.00.

### III. ATTORNEYS' FEES AND COSTS

The FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Similarly, a plaintiff is entitled to reimbursement of reasonable attorneys' fees and costs if she is a prevailing party under the WWPCL. *See, e.g.,* WIS. STAT. § 109.03(6). Specifically, "[i]n an action by an employee or the department against the

employer on a wage claim … the court may allow the prevailing party, in addition to all other costs, a reasonable sum for expenses." *Id.*

In analyzing the language of WIS. STAT. § 109.03(6), the Wisconsin Court of Appeals determined that the term "expenses" necessarily includes an award of attorneys' fees. *Jacobson v. Am. Tool Companies, Inc.,* 222 Wis. 2d 384, 401 (Ct. App. 1998) (finding that an award of attorneys' fees is necessary to fully enforce and give meaning to the WWPCL). Similarly, in considering WIS. STAT. § 109.03(6), the United States District Court for the Eastern District of Wisconsin also determined that the term "expenses" includes an award of attorneys' fees. *Jackman v. WMAC Inv. Corp.*, 610 F. Supp. 290, 291 (E.D. Wis. 1985), *aff'd*, 809 F.2d 377 (7th Cir. 1987) (finding that an award of attorneys' fees is consistent with the purpose and broad remedial language of the statute).

In this case, Plaintiff is entitled to reimbursement of reasonable attorneys' fees and costs because she is entitled to a judgment pursuant to the FLSA and because she is a prevailing party under the WWPCL. Thus, Plaintiff seeks reimbursement of her reasonable attorneys' fees and costs expended litigating her claims.

"The method of quantifying a reasonable fee is a procedural issue governed by federal law." *Oldenburg Grp. Inc. v. Frontier-Kemper Constructors, Inc.*, 597 F. Supp. 2d 842, 847 (E.D. Wis. 2009). Generally, when a plaintiff is a prevailing party and thus entitled to reimbursement for attorneys' fees, a court determines the market price for a lawyer's legal services via the "lodestar" method – which is determined by calculating the lawyer's reasonable hourly rate multiplied by the lawyer's hours reasonably expended on the case. *Hensley*, 461 U.S. at 433-37; *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012); *Pickett v. Sheridan Health Care*, 664 F.3d 632, 640–43 (7th Cir. 2011); *Gautreaux v. Chi. Hous. Auth.*, 491 F.3d 649, 659 (7th Cir. 2007). Ultimately, the

court "must do [its] best to award Counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time."[1]

### A. Plaintiff's Counsels' Hourly Rates of $450.00 Are Reasonable

A reasonable hourly rate, that is "the fee customarily charged in the locality for similar legal services" is determined according to the prevailing market rates in the relevant community, which is supported by "affidavits from other attorneys in the locality establishing that the requested rates are in line with those prevailing in the community for similar services for lawyers of comparable skill, experience and reputation." *Blum v. Stenson*, 45 U.S. 886 (1984). Thus, "an hourly rate determined based on such affidavits is normally deemed to be reasonable." *Id.* Once the attorneys' reasonable hourly rate(s) are determined, this Court can decide the hours reasonably expended on the litigation, multiply the two, and create the "lodestar."

As set forth in the Declaration of Scott S. Luzi and the Declaration of David M. Potteiger, Plaintiff's counsel's current hourly rates of $450.00 (effective March 1, 2022) are the same rates that they charge their fee-paying clients. (Declaration of Scott S. Luzi ("Luzi Decl."), ¶ 9; Declaration of David M. Potteiger ("Potteiger Decl.,"), ¶ 8.) Further, Plaintiff's counsel's hourly rates are similar to the market rates that other attorneys of similar ability and experience in the community normally charge their paying clients for similar services and types of work. (Luzi Decl., ¶ 13; Potteiger Decl., ¶ 11.) Moreover, this District has recently approved Attorney Luzi's and Potteiger's rate of $450.00 per hour. (Luzi Decl., ¶ 11; Potteiger Decl., ¶ 9.)

---

[1] *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 718 (7th Cir. 2001) (*"Synthroid I"*); *see also In re Synthroid Mktg Litig.*, 325 F.3d 974, 975 (7th Cir. 2003) (*"Synthroid II"*); *Silverman v. Motorola Sols., Inc.*, 739 F.3d 956, 957 (7th Cir. 2013); *Steinlauf v. Cont'l Illinois Corp.*, 962 F.2d 566, 572-73 (7th Cir. 1992) (stating, "Class Counsel are entitled to the fee they would have received had they handled a similar suit on a contingent fee basis, with a similar outcome, for a paying client").

For all of the reasons stated above and herein, and with the accompanying and supporting Declarations, an hourly rate of $450.00 per hour for Attorneys Luzi and Potteiger for hours worked and work performed on this matter is reasonable.

**B.     Plaintiff's Counsels' Hours Worked and Work Performed Are Reasonable**

The following table summarizes identifies the attorneys who performed work on this matter, the total number of hours worked by each attorney on this matter, each attorney's current hourly rate, and the total amount of attorneys' fees expended litigating this matter.

| **W&L Time Entry Detail Summary** | | | |
|---|---|---|---|
| **Attorney** | **Hours** | **Hourly Rate** | **Totals** |
| Luzi | 10.10 | $450 | $4,545 |
| Potteiger | 3.10 | $450 | $1,395 |
| **Totals** | **13.2** | | **$5,940** |

(Luzi Decl., ¶ 15; Potteiger Decl., ¶ 13).[2]

To date, Plaintiff's counsel believes that they have litigated this matter efficiently, reasonably, and effectively on behalf of Plaintiff, which resulted in a successful outcome in favor of Plaintiff and against Defendants.

First, the work expended by Plaintiff's counsel were necessary and critical to the prosecution of Plaintiff's claims. (*Id.*) Second, Plaintiff's counsel's hours worked and work performed on this case resulted in Plaintiff recovering a judgment against Defendants, which will provide complete monetary relief for Plaintiff. This is a successful result for Plaintiff. Third, Plaintiff's counsel did not unnecessarily create delay or increase costs in the furtherance of this litigation, *see, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). Instead, Plaintiff's counsel's

---

[2] Time also spent preparing attorneys' fees motions (and corresponding briefs and evidence) is recoverable. *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 410-11 (7th Cir. 1999); *Ustrak v. Fairman,* 851 F.2d 983, 988 (7th Cir. 1988); *Kurosaki v. Krajewski*, 848 F.2d 767, 776 (7th Cir.1988); *Muscare v. Quinn*, 680 F.2d 42 (7th Cir.1982).

time expended on this matter was reasonable, necessary, and critical to the prosecution of her claims.

For all of the reasons stated above, Plaintiff's counsel's time expended on this matter, *i.e.,* 13.20 hours, are reasonable. As a result, Plaintiff requests a total amount of $5,940.00 in attorneys' fees for time expended litigating this matter.

### C. Plaintiff's Costs Are Reasonable

In the furtherance of the litigation of this matter, Plaintiff's counsel spent a total amount of $546.80 in costs, detailed as follows: filing fee ($402.00); service of process ($140.00); postage ($4.80). (Potteiger Decl., ¶ 14.) Each cost expended by Plaintiff's counsel in this matter was necessary in furtherance of the litigation. Thus, an award of $546.80 in costs is fair and reasonable.

\*\*\*

For the aforementioned reasons, Plaintiff requests that the amount of $6,486.60 be added to the Judgment pursuant to FED. R. CIV. P. 54(d)(2) against Defendants as reimbursement for reasonable attorneys' fees ($5,940.00) and costs ($546.80) expended in bringing and litigating this action.

### CONCLUSION

For all of the reasons stated herein, Plaintiff respectfully requests that the court enter judgment against Defendants in the total amount of $49,986.80.

Dated this 23rd day of December, 2022

    WALCHESKE & LUZI, LLC
    Counsel for Plaintiff

    *s/ David M. Potteiger*
    James A. Walcheske, State Bar No. 1065635
    Scott S. Luzi, State Bar No. 1067405
    David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-mail: jwalcheske@walcheskeluzi.com
E-mail: sluzi@walcheskeluzi.com
E-mail: dpotteiger@walcheskeluzi.com