UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

SHELLEY BASTIAN

        Plaintiff,

    v.                                    Case No. 22-cv-886

ABRAMS GAS, INC., *et. al.*

        Defendants

## DECLARATION OF SCOTT S. LUZI

      I, Scott S. Luzi, declare under penalty of perjury that the following is true and correct to the best of my knowledge and recollection:

      1.      The statements set forth in this declaration are made of my own personal knowledge and, if called as a witness, I could and would testify competently to the matters stated below.

      2.      I was admitted to the Bar of the State of Wisconsin in 2010. I am also admitted to practice before the United States District Courts for the Eastern and Western Districts of Wisconsin, as well as the United States Court of Appeals for the Seventh Circuit. Most of my professional time and efforts have involved representing employees in employment matters, particularly wage and hour matters.

      3.      I worked as an Associate for the employment law firm of Heins Law Office LLC from approximately June 2010 to March 2012. In March 2012, I started my own law practice with Attorney James A. Walcheske. I am the co-founder and co-Managing Partner of Walcheske & Luzi, LLC.

4.     I am a member of the Wisconsin Employment Lawyers Association, the National Employment Lawyers Association, and the Wisconsin State Bar, among other legal and professional organizations.

5.     Throughout my years of practice, I have represented hundreds of individuals and employees in employment law matters, including matters to recover unpaid wages under both state and federal law. My law practice for my entire professional career has been devoted to employment law, including wage and hour litigation in federal court.

6.     I have represented plaintiffs in individual and class/collective action wage and hour matters in circuit courts within the State of Wisconsin as well as the United States District Court for the Eastern and Western Districts of Wisconsin. I believe that I am experienced with complex federal wage and hour litigation because I have successfully represented numerous individuals in single-Plaintiff and multi-Plaintiff wage and hour actions.

7.     In approximately May 2022, I met with Shelley Bastian and began working on this matter. At the outset, and in accordance with our written fee agreement with Ms. Bastian, our law firm agreed to be responsible for all attorneys' fees and costs in the event of an adverse result to Ms. Bastian and, to date, our law firm has not received any compensation for time spent on this matter or reimbursement for any corresponding costs expended.

8.     During the litigation of this matter, either myself, or Attorney David M. Potteiger, performed work on the case. As the managing member of our law firm, I am personally aware of and very familiar with all of hours worked and work performed by Attorney Potteiger on this case.

9.     I currently bill for my services at the rate of $450.00 per hour for any and all work performed on employment law cases, including but not limited to wage and hour litigation.

10.     My hourly rate of $450.00 per hour has been recently approved in the following cases: *Clements v. WP Operations, LLC,* Case No. 19-cv-1051, ECF No. 88 (E.D. Wis. Dec. 20, 2022) (Conley, J.); *Brooks v. Gateway Plastics, Inc.,* Case No. 20-cv-1318, ECF No. 20 (E.D. Wis. Dec. 20, 2022) (Stadtmueller, J.); *Rankins v. Copperleaf Management Group, Inc.,* Case No. 22-cv-299, ECF No. 33 (E.D. Wis. Dec. 19, 2022) (Ludwig, J.); *Bracher v. Jaybird Senior Living, LLC, et al.,* Case No. 21-cv-0889, ECF No. 44 (E.D. Wis. Dec. 16, 2022) (Ludwig, J.); *Espinoza v. Aqua Finance, Inc.*, Case No. 21-cv-1484, ECF No. 38 (E.D. Wis. November 10, 2022) (Griesbach, J.); *Vasquez-Alvarez v. CB Healthcare Management, LLC*, Case No. 21-cv-0949, ECF No. 37 (Sept. 27, 2022) (Griesbach, J.); *Parker v. Villa of Greenfield LLC, et al.*, Case No. 20-cv-1696, ECF No. 45 (E.D. Wis. September 8, 2022) (Pepper, J.); *Hallam v. Neenah Foundry Company*, Case No. 21-cv-1190, ECF No. 36 (E.D. Wis. September 2, 2022) (Griesbach, J.); *Capocasa v. Milwaukee Alarm Co., Inc.*, Case No. 22-cv-429, ECF No. 18 (E.D. Wis. September 2, 2022) (Dries, J.); *Stephani v. JC Solutions, et al.*, Case No. 21-cv-458, ECF No. 30 (E.D. Wis. September 2, 2022) (Griesbach, J.); *Smith v. Ascension Health Senior Care*, et al., Case No. 20-cv-421, ECF No. 110 (E.D. Wis. September 29, 2022) (Ludwig, J.).

12.     Through my involvement in the Wisconsin legal community, and particularly my interactions with other attorneys who practice in the area of labor and employment, I am familiar with the rates attorneys in Wisconsin charge for their work representing plaintiffs in wage and hour cases pursuant to the Fair Labor Standards Act ("FLSA") and Wisconsin Wage Payment and Collection Laws ("WWPCL"), as well as a plaintiff's ability to recover reasonable attorneys' fees and costs incurred in such litigation.

13.     I believe that the hourly rates requested by our law firm in this case – $450.00 per hour for myself and Attorney David M. Potteiger – are consistent with the prevailing market rates

in the Wisconsin legal community for similar services, including litigating wage and hour claims pursuant to both the FLSA and WWPCL.

14.     Our law firm records time worked in increments of one-tenth (1/10) of an hour, which in my experience is a customary and accepted billing practice, and it is my customary and routine billing practice to enter my time and a brief description of work performed in the firm's electronic timekeeping system immediately after performing the work detailed therein.

15.     To date, I have devoted a total of approximately 10.10 hours litigating Plaintiff's FLSA and WWPCL claims and causes of action, by performing tasks such as: conducting pre-suit interviews and investigation; drafting and filing the Complaint and all other related and initial pleadings and documents; reviewing and revising draft filings; and communicating and corresponding with Plaintiff and other third-parties regarding the prosecution of this matter. I believe that I have litigated this matter reasonably, efficiently, and effectively. I believe that through my efforts on this matter, I helped Plaintiff recover the full amount of her earned and unpaid overtime wages that she was entitled to receive for work performed during her employment with Defendants.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22nd day of December, 2022

s/ *Scott S. Luzi*
Scott S. Luzi