UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

SHELLEY BASTIAN,

    Plaintiff,

v.                                       Case No.: 22-CV-886

ABRAMS GAS INC., VELP GAS INC. and
SARBJIT SINGH,

    Defendants.

**DEFENDANTS' BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO REOPEN CASE**

NOW COME the Defendants, Abrams Gas Inc., Velp Gas Inc. and Sarbjit Singh, through their attorneys, Hager, Dewick & Zuengler, S.C., and hereby moves the Court for an order vacating the Default Judgment entered against the Defendants and granting leave to file an answer in this case and defend themselves on the merits.

**FACTUAL BACKGROUND**

Abrams Gas Inc. ("AGI") is a Wisconsin corporation that operates a gas station and convenience store located in Abrams, Wisconsin. *Declaration of Sarbjit Singh*, ¶ 2. Velp Gas Inc. ("VGI") is a Wisconsin corporation that operates a gas station and convenience store located in Green Bay, Wisconsin. *Declaration of Sarbjit Singh*, ¶ 3. Sarbjit Singh ("Singh") is an adult resident of the State of Wisconsin and is the sole shareholder of AGI and VGI. *Declaration of Sarbjit Singh*, ¶ 4. The Plaintiff, Shelley Bastian ("Bastian"), was employed by AGI and VGI in the capacity of District Manager of both AGI and VGI. *Declaration of Sarbjit Singh*, ¶ 5. Bastian filed the Complaint alleging AGI, VGI and Singh violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), and Wisconsin's Wage Payment and Collection

Laws ("WWPCL"). Specifically, Bastian alleges that the Defendants failed to properly compensate her for pre-shift work, post-shift work and other "off-the-clock" work in excess of a forty (40) hour work week and also failed to compensate her at a rate of time-and-one-half her regular rate of pay for all hours worked in excess of a forty (40) hour workweek.

At the time that Bastian filed the Complaint with the United States District Court for the Eastern District of Wisconsin, Green Bay Division, Bastian previously filed a Worker's Compensation claim against AGI and VGI. *Declaration of Sarbjit Singh*, ¶ 6. When Singh was served with this Complaint on behalf of all Defendants, he believed that the Complaint was related to Bastian's Worker's Compensation claim. *Declaration of Sarbjit Singh*, ¶ 7. To that extent, Singh forwarded a full copy of the Summons and Complaint in this action to his worker's compensation insurance carrier. *Declaration of Sarbjit Singh*, ¶ 8. Initially, Singh's worker's compensation insurance carrier informed him that it would defend the Complaint. *Declaration of Sarbjit Singh*, ¶ 9. Upon the assurances of his worker's compensation carrier, Defendants failed to timely respond to Bastian's Complaint. *Declaration of Sarbjit Singh*, ¶ 10. Defendants were unaware of the judgment entered against them until such time that Bastian attempted to collect on the judgment. *Declaration of Sarbjit Singh*, ¶ 11.

## ARGUMENT

Federal Rule of Civil Procedure 60 governs motions for relief from a judgment or order and provides an "exception to finality" that "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 269 (U.S. 2010). Courts exercise discretion when deciding Rule 60 motions. Eskridge v. Cook Cty., 577 F.3d 806, 808 (7th Cir. 2009).

Rule 60(b) provides several grounds upon which a motion may be based. For purposes of Defendants' motion, the relevant part of the rule reads as follows:

> **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise or excusable neglect;
>
> (6) any other reason that justifies relief."

While Rule 60(b) motions are submitted to the sound discretion of the courts, such discretion is to be liberally applied to accord justice. *See* Triplett v. Azordegan, 478 F.Supp. 872, 876 (N.D. Iowa 1977). Generally, courts have held that a party should not be deprived of the opportunity to present the merits of a claim because of a technical error or slight mistake. *See, e.g.*, Blois v. Friday, 612 F.2d 938, 940 (5th Cir. 1980).

For the purposes of Rule 60(b), "excusable neglect" is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence. *See* Robb v. Norfolk & Western Railway Co., 122 F.3d 354, 359 (7th Cir. 1997) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 394 (1993)). When considering whether an omission is excusable, the Court must take into account all relevant circumstances surrounding the party's failure to act. Pioneer Inv. Servs. Co., 507 U.S. at 395. The standard for excusable neglect under Rule 60(b) is:

> "At bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include … the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

Id.

While there is no bright-line rule regarding what is considered excusable neglect, the Seventh Circuit has described it as the absence of any willful disregard for duties, simple carelessness, or negligence. *See* Jones v. Phipps, 39 F.3d 158, 164 (7th Cir. 1994). Furthermore, "[t]he entry of a default judgment can be vacated under Rule 60(b) if a party shows (1) good cause

3

for its default; (2) quick action to correct it; and (3) a meritorious defense." Zuelzke Tool & Eng'g Co. v. Anderson Die Castings, Inc., 925 F.2d 226, 229 (7th Cir. 1991) (*citing* United States v. Di Mucci, 879 F.2d 1488, 1495 (7th Cir. 1989).

Here, the facts and circumstances support granting Defendants' Motion. First, there is good cause for Defendants failing to file a timely answer to Plaintiff's Complaint. Immediately after being served with a copy of the Summons and Complaint, Singh, thinking that this matter was the Plaintiff's Worker's Compensation claim she filed against the Defendant corporations, submitted the Complaint to his worker's compensation carrier. Singh is not a lawyer and he has very little familiarity or experience with the legal system or process. Singh justifiably believed, based upon the worker's compensation carrier's initial response, that his carrier would represent him and the Defendant corporations. Singh and the Defendant corporations were unaware that the case was not being handled by the worker's compensation carriers until Plaintiff attempted to collect on the default judgment in June, 2023.

Second, Defendants took prompt action to address the default judgment once they learned that judgment was entered against them. As stated above, Defendants did not learn of the default judgment entered against them until June, 2023 when they received a Garnishment Summons and Complaint filed in the Brown County Circuit Court for the State of Wisconsin in June, 2023. *Declaration of Sarbjit Singh*, ¶ 11. Immediately upon learning of the default judgment, Defendants contacted counsel to file this Motion. *Declaration of Sarbjit Singh*, ¶ 12.

Third, Defendants have a meritorious defense to the present action. Bastian worked for AGI and VGI in the position of District Manager. *Declaration of Sarbjit Singh*, ¶ 13. As part of her job duties, Bastian was required to report the number of hours worked by the employees she oversaw and also self-report the number of hours she worked herself during each pay period. *Declaration of Sarbjit Singh*, ¶ 14. To the extent that Bastian claims that she was not paid for "pre-

shift" and "post-shift" work, it was due solely to the fact that she failed to report the total amount of time she worked. Singh is not on-site at the businesses on a daily basis and has no way to verify the number of hours worked by an employee other than the number of hours reported by the employee and verified by the District Manager. *Declaration of Sarbjit Singh*, ¶ 15. Singh reasonably expected that Bastian, as District Manager, would follow and enforce company policies at the convenience stores she was in charge of. *Declaration of Sarbjit Singh*, ¶ 16. Singh trusted that Bastian would report all of the hours she worked, and Defendants were willing to pay overtime and the legal rate of time and one-half for all hours reported. *Declaration of Sarbjit Singh*, ¶ 17. In fact, Bastian would occasionally report that she worked overtime hours to Singh, and she was paid appropriately for her overtime work. *Declaration of Sarbjit Singh*, ¶ 18. As such, Defendants have a meritorious defense to Bastian's claims.

Additionally, as stated in Pioneer, in considering whether "excusable neglect" exists, the Court should evaluate the "danger of prejudice to the [defendant]". Pioneer, 507 U.S. 380 at 395. Here, Defendants will be greatly prejudiced if they are not permitted the opportunity to defend the merits of the underlying Complaint, as their defense has a high probability of success, given the facts and circumstances.

Furthermore, Rule 60(b)(6) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." Klapprott v. U.S., 335 U.S. 601, 614-15, 69 S. Ct. 384 (1949). Rule 60(b)(6) is "fundamentally equitable in nature." Ramirez v. United States, 799 F.3d 845, 851 (7th Cir. 2015) (citations omitted). District courts have "great latitude in deciding whether to vacate orders or judgments under Rule 60(b)(6). Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc., 570 F.3d 845, 848 (7th Cir. 2009) (citing Swaim v. Moltan Co., 73 F.3d 711, 722 (7th Cir. 1996)). Here, vacating the judgment entered against the Defendants is required under equitable principles. Defendant would be unduly burdened with a

5
Case 1:22-cv-00886-WCG    Filed 06/30/23    Page 5 of 7    Document 23

judgment entered against them without the ability to defend the claims on the merits. In addition, Plaintiff would receive a windfall by obtaining a judgment without proving the merits of her claims.

## **CONCLUSION**

For the reasons set forth herein, the Defendants, Abrams Gas Inc., Velp Gas Inc. and Sarbjit Singh, respectfully request that the Court exercise its discretion and grant relief from the default judgment entered against them pursuant to Federal Rules of Civil Procedure 60.

Dated at Green Bay, Wisconsin, this 30th day of June, 2023.

>HAGER, DEWICK & ZUENGLER, S.C.
>Attorneys for Defendants, Abrams Gas Inc., Velp Gas Inc. and Sarbjit Singh
>
>/s/ Corey S. Tilkens
>Attorney Corey S. Tilkens
>State Bar No. 1094261

<u>Mailing Address</u>
200 South Washington Street, Suite 200
Green Bay, WI 54301
Phone No.: (920) 430-1900
Fax No.: (920) 430-1909
Email: ctilkens@hdz-law.com

# CERTIFICATE OF SERVICE

I certify that on the 30th day of June, 2023, a true and correct copy of the above and foregoing was served via the Court's CM/ECF system which gave notification electronically upon the following parties and participants:

Attorney James A. Walcheske
jwalcheske@walcheskeluzi.com
Attorney Scott S. Luzi
sluzi@walcheskeluzi.com
Attorney David M. Potteiger
dpotteiger@walcheskeluzi.com

                HAGER, DEWICK & ZUENGLER, S.C.
                Attorneys for Defendants, Abrams Gas Inc., Velp Gas Inc. and Sarbjit Singh


                /s/ Corey S. Tilkens
                Attorney Corey S. Tilkens
                State Bar No. 1094261

<u>Mailing Address</u>
200 South Washington Street, Suite 200
Green Bay, WI 54301
Phone No.: (920) 430-1900
Fax No.: (920) 430-1909
Email: ctilkens@hdz-law.com