UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHELLEY BASTIAN,

        Plaintiff,

      v.                                            Case No. 22-C-886

ABRAMS GAS, INC.,
VELP GAS, INC., and
SARBJIT SINGH,

        Defendants.

---

## ORDER DENYING RULE 60(b) MOTION TO VACATE JUDGMENT

---

      On August 4, 2022, Plaintiff Shelley Bastian commenced this action against her former employers, Defendants Abrams Gas, Inc., Velp Gas, Inc., and Sarbjit Singh, alleging that they violated the Fair Labor Standards Act of 1938 (FLSA), as amended, 29 U.S.C. § 201 *et seq.*, and Wisconsin's Wage Payment and Collection Law (WWPCL), by failing to properly compensate her for pre-shift, post-shift, and other "off-the-clock" work in excess of a 40-hour workweek, as well as by failing to compensate her at a rate of time-and-one-half of her regular rate of pay for all hours worked in excess of a 40-hour workweek. Proof of service of the complaint was filed with the court on September 27, 2022. A responsive pleading was due from the defendants on October 12, 2022. When Defendants did not file a responsive pleading, Plaintiff requested an entry of default judgment against Defendants, which the Clerk entered on October 17, 2022. Dkt. No. 10. On December 29, 2022, the Court issued an order granting Bastian's motion for default judgment, and the clerk entered judgment in Plaintiff's favor and against Defendants in the amount of $49,986.80. *See* Dkt. Nos. 19–20. On June 30, 2023, more than six months later, Defendants filed

a motion to vacate the default judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6). Plaintiff filed a brief in opposition to Defendants' motion. Defendants did not file a reply. For the following reasons, Defendants' motion will be denied.

## BACKGROUND

Abrams is a Wisconsin corporation that operates a gas station and convenience store located in Abrams, Wisconsin. Decl. of Sarbjit Singh ¶ 2, Dkt. No. 24. Velp is a Wisconsin corporation that operates a gas station and convenience store located in Green Bay, Wisconsin. *Id.* ¶ 3. Singh is an adult resident of the State of Wisconsin and is the sole shareholder of Abrams and Velp. *Id.* ¶ 4. Bastian was Abrams' and Velp's District Manager. *Id.* ¶ 5.

Bastian filed a lawsuit alleging that Defendants violated the FLSA and WWPCL when they failed to properly compensate her for pre-shift, post-shift, and other "off-the-clock" work in excess of a 40-hour workweek, as well as when they failed to compensate her at a rate of time-and-one-half of her regular rate of pay for all hours worked in excess of a 40-hour workweek. Singh claims that, at the time Bastian filed her lawsuit in this court, she had previously filed a worker's compensation claim against Abrams and Velp. *Id.* ¶ 6. When Singh was served with Bastian's complaint on behalf of all Defendants, he states that he believed that the complaint was related to Bastian's worker's compensation claim. *Id.* ¶ 7. He therefore forwarded a full copy of that summons and complaint in the instant action to his worker's compensation insurance carrier. *Id.* ¶ 8.

According to Singh, his worker's compensation insurance carrier initially informed him that it would defend against Bastian's action. Based upon this assurance, Singh states he did not timely respond. *Id.* ¶¶ 9–10. He claims he was unaware that judgment was entered against them

2

until Bastian attempted to collect. *Id.* ¶ 11. Defendants seek to reopen the case pursuant to Rule 60(b)(1) or (6).

**LEGAL STANDARD**

"Rule 60(b) is to be used to disturb the finality of judgments only on narrow grounds and upon a showing of exceptional circumstances." *Smith v. Widman Trucking & Excavating, Inc.*, 627 F.2d 792, 795 (7th Cir. 1980) (citing *Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999, 1003 (7th Cir. 1971), *cert. denied*, 405 U.S. 921 (1972)); *see also McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) ("It is very well established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." (citation and quotation marks omitted)). This circuit no longer "disfavor[s] defaults." *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1401 (7th Cir. 1993). That said, Rule 60(b) is "to be liberally interpreted in favor of setting aside judgments upon a proper showing of mistake, inadvertence, surprise or excusable neglect." *Smith*, 627 F.2d at 795 (citing *Beshear v. Weinzapfel*, 474 F.2d 127, 131 (7th Cir. 1973)).

For the movant to obtain relief on grounds of "excusable neglect," he must show (1) "good cause" for the default, (2) "quick action to correct it," and (3) a "meritorious defense" to the complaint. *Passarella v. Hilton Int'l Co.*, 810 F.2d 674, 676 (7th Cir. 1987) (quoting *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982)); *see also Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 949 (7th Cir. 2020). The standard for relief under Rule 60(b)(1) is less demanding than that of Rule 60(b)(6); to justify relief under the latter subsection, a party must show "extraordinary circumstances." *Longs v. City of S. Bend*, 201 F. App'x 361, 364 (7th Cir. 2006) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assocs.*, 507 U.S. 380, 393 (1993)). Whether the movant has met his burden for relief from the

3

judgment under Rule 60(b) "is committed to the sound discretion of the district court." *Id.* (citing *Bradford Exchange v. Trein's Exchange*, 600 F.2d 99, 102 (7th Cir. 1979)). The Seventh Circuit has "characterized the district court's considerable latitude in making its decision as 'discretion piled on discretion.'" *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012) (quoting *Swaim v. Moltan Co.*, 73 F.3d 711, 722 (7th Cir. 1996)).

## ANALYSIS

Defendants have failed to make the required showing for the relief they seek. As an initial matter, they have failed to meet Rule 60(b)'s "excusable neglect" test to set aside the default judgment. There is not good cause for Defendants' failure to appear in this action. Defendants were served on September 27, 2022, and an answer or other response from them was due October 12, 2022. Dkt. No. 10. Shortly after being served, Singh says he forwarded a copy of the summons and complaint to his worker's compensation insurance carrier because he believed that it was related to Bastian's ongoing worker's compensation claim. Decl. of Singh at ¶¶ 7–8. From even a cursory review of the 14-page complaint, it would have been clear, even to a non-lawyer, that it has nothing to do with a worker's compensation claim. The first paragraph states that "this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 01 *et seq.* (FLSA)." Compl. ¶ 1. Singh owns and operates at least two separate businesses. His self-serving statement that he did not understand what he was served with is not credible.

Singh also claims that his insurance carrier "initially" said that it would defend against Bastian's complaint. Decl. of Singh at ¶ 9. But there is no affidavit from the carrier corroborating this contention, nor does Singh indicate whether he had any further communication from the carrier after that "initial" response. If, in fact, his insurance carrier did tell him it would defend that lawsuit, Singh may have a claim against the carrier, but the unsupported claim that he forwarded

4

the summons and complaint to his carrier and simply relied upon his insurer to take care of it, with no further communication, is not enough to show excusable neglect. *Norgaard v. DePuy Orthopedics, Inc.*, 121 F.3d 1074, 1075 (7th Cir. 1997) ("Negligent handling of a case, by itself, will not excuse untimely behavior or satisfy the showing required by Fed. R. Civ. P. 60(b)."). At the very least, one would expect the carrier or a lawyer to contact him to get his side of the dispute. When they did not, a reasonable person would have inquired further.

Because Defendants do not satisfy the first prong of the "excusable neglect" test to set aside the judgment under Rule 60(b), the court must deny Defendants' motion to reopen the case and need not address the second and third prongs. However, for the sake of completeness, the court will do so. As to the second prong, quick action to correct the entry of default judgment, Defendants did not file their Rule 60(b) motion until six months after the default judgment was entered. Courts in this circuit have held that "far shorter gaps in time between the entry of default and a party's motion to vacate do not meet the 'quick action' requirement." *See* Pl.'s Br. in Opp'n at 8, Dkt. No. 25 (citing *Sharma v. Big Limos MFG, LLC*, 17 C 0021, 2017 WL 2779798, at *5 (N.D. Ill. June 27, 2017) (finding no quick action where the defendants' motion to vacate was filed "about four weeks" after the entry of default); *United States v. Blazina*, No. 00 C 635, 2011 WL 5101709, at *1 (N.D. Ill. Oct. 20, 2011) (stating that, while "[q]uick action . . . evades clear exposition," nonetheless, "courts have found that a period of more than a week or two tends to fail this prong")). At six months, Defendants are outside of the quick-action window to set aside the judgment under Rule 60(b). Singh claims that he took action immediately after he learned of the judgment when Bastian sought to collect it. But that delay was again due to Singh's failure to take any steps to follow up after forwarding the summons and complaint to his carrier.

5

Last is the "meritorious defense" prong. A "meritorious defense" to a lawsuit is "more than bare legal conclusions" but "less than a definitive showing that the defense will prevail." *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014) (citations omitted). Defendants argue that "[t]o the extent that Bastian claims that she was not paid for 'pre-shift' and 'post-shift' work, it was due solely to the fact that she failed to report the total amount of time she worked," and such reporting of hours was her duty as District Manager of Abrams and Velp, in light of Singh's not being on site on a daily basis. Defs.' Br. in Supp. at 4–5, Dkt. No. 23 (citing Decl. of Singh ¶¶ 14–17). In other words, Singh is not saying that Bastian was exempt from the FLSA's wage and hour requirements as a manager or supervisor. Nor does he contend that she did not perform the work she claimed; she just didn't report that work to him. But as Plaintiff points out, it is the duty of the employer to keep track of its employees' work hours. Singh offers no evidence as to what steps he took or instructions he gave to ensure that Bastian did not consistently perform work for which she received no compensation. This is hardly a meritorious defense to an FLSA action.

## CONCLUSION

For the foregoing reasons, Defendants' motion to reopen the case (Dkt. No. 22) is **DENIED**.

Dated at Green Bay, Wisconsin this 29th day of September, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge